IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SAN JUANA MARTINEZ<br><br>    Plaintiff,<br><br>vs.<br><br>TRISURA SPECIALTY INSURANCE COMPANY and WELLINGTON CLAIM SERVICE, INC.,<br>    Defendants. | CASE NO. 1:21-CV-00183-MAC-ZJH |

**REPORT AND RECOMMENDATION GRANTING MOTION TO REMAND**

  This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 6. Pending before the Court is Plaintiff San Juana Martinez's *Motion to Remand Case to State Court*. Doc. No. 19.

  The first issue in this case is "whether an action instituted in state court against a diverse insurer and a non-diverse adjuster—nonremovable to federal court due to the lack of diversity of citizenship—becomes removable upon, and solely because of, the diverse insurer's election to accept complete liability of the non-diverse adjuster." *See Stephens v. Safeco Ins. Co. of Indiana*, No. 4:18-CV-00595, 2019 WL 109395, at *1 (E.D. Tex. Jan. 4, 2019). This District has consistently answered that it does not. Accordingly, the second issue is whether Martinez has stated a valid cause of action against Defendant Wellington Claim Service, Inc. After a careful review of the filings and the applicable law, the Court concludes that she has. As a result, because complete diversity does not exist, the Court lacks subject-matter jurisdiction and grants Martinez's Motion to Remand.

I.      **Factual and Procedural Background**

On August 27, 2020, Hurricane Laura slammed into Southwest Louisiana. Martinez—a citizen of Texas—filed a claim with her insurer, Defendant Trisura Specialty Insurance Company, for alleged wind, roof, and water damage that the hurricane caused to her home. Doc. No. 3 at 5; 14 at 3; 18 at 2. Trisura, a citizen of Oklahoma, assigned Wellington, a citizen of Texas, as the adjusting company to investigate Martinez's claim. Doc. No. 3 at 5; 18 at 2. A Wellington representative allegedly investigated the home, handled claims, and made relevant coverage decisions. Doc. No. 3 at 5.

Martinez alleges that Wellington failed to conduct a reasonable investigation and adjust the claim properly. *Id.* at 6. After the investigation, either Wellington or Trisura sent a letter tendering payment for what it claimed to be covered damages.[1] *Id.* at 5-6. An independent assessment of the home allegedly concluded that the tendered payment failed to include the complete damage. *Id.* at 5.

Accordingly, on March 19, 2021, Martinez sued both Defendants in state court asserting claims for breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code (including the Texas Prompt Payment of Claims Act), breach of the duty of good faith and fair dealing, fraud, and negligence. *Id.* at 8-13. On April 6, 2021, Trisura elected responsibility for Wellington pursuant to Texas Insurance Code section 542A.006. Doc. No. 18 at 2.

On April 20, 2021, Trisura removed the case to this Court based on diversity jurisdiction. Doc. No. 1. On May 20, 2021, Martinez filed her first *Motion to Remand Case to State Court*. Doc. No. 8. On January 31, 2022, the undersigned ordered the Defendants to amend their notice

---

[1] It is unclear which Defendant sent the letter and tendered the payment. *Compare* Doc. No. 3 at 5, *with* Doc. No. 3 at 6.

2

of removal to "distinctly and affirmatively allege" the citizenship of all parties and denied as moot Martinez's Motion to Remand, subject to reassertion if the Defendants filed a proper Notice of Removal. Doc. No. 17. On February 7, 2022, Trisura filed its *Amended Notice of Removal*. Doc. No. 18.

On March 9, 2022, Martinez filed her second *Motion to Remand* based on incomplete diversity, asserting that Wellington is a citizen of Texas. Doc. No. 19. Trisura has responded and argued that diversity is complete because Martinez improperly joined Wellington. Doc. 20.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Energy Mgmt. Servs. LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). Only cases that "could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This Court must presume "that a suit lies outside its limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 20, 723 (5th Cir. 2002); *Hertz Corp. v. Friend*, 558 U.S. 77, 98 (2010). To remove a case to a federal district court based on diversity, the defendant must demonstrate that all of the prerequisites of diversity jurisdiction outlined in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). Under 28 U.S.C. § 1332, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000, exclusive of interests and costs. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

### III. Discussion

In September 2017, the Texas Insurance Code was amended to allow an insurer to accept legal responsibility for an adjuster. Tex. Ins. Code § 542.006(a). If the insurer chooses this option, a court must dismiss all claims against the adjuster with prejudice. *Id*. § 542A.006(c).

But Martinez claims that the voluntary-involuntary rule forces this Court to consider Wellington's citizenship, despite Trisura's election of responsibility. Doc. No. 19 at 3. Martinez reasons that because Trisura's 542A election to accept responsibility of Wellington was not her voluntary act—and because the action was non-removable when commenced—the voluntary-involuntary rule bars removal. *Id*. Trisura counters that the Court should disregard Wellington's citizenship because Martinez improperly joined it. Doc. No. 20 at 2-3.

#### A. The Voluntary-Involuntary Rule

The voluntary-involuntary rule is a judicially created rule establishing that "a case nonremovable on the initial pleadings [may] become removable only pursuant to a voluntary act of the plaintiff." *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 52 (5th Cir. 2008) (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). For example, in *Weems*, the Firth Circuit held that an action commenced in state court against a non-diverse defendant and a diverse defendant (nonremovable to federal court due to lack of diversity of citizenship) could not be removed when the non-diverse defendant was dismissed by a directed verdict. 380 F.2d at 547.

This District has consistently found that the voluntary-involuntary rule applies when a diverse insurer elects responsibility for its non-diverse adjuster after the state court action was initiated. *See Stephens*, 2019 WL 109395, at *4 (insurer's election was "undoubtedly" an involuntary act of plaintiff); *Hebert v. United Prop. & Cas. Ins. Co.*, 1:19-CV-234, 2019 WL 5617023, at *1 (E.D. Tex. Oct. 30, 2019) (case not removable because insurer's election of post-

suit liability was an "involuntary act with regard to the plaintiff"); *Holmes v. Allstate Vehicle & Prop. Ins. Co.*, 1:19-CV-420, 2020 WL 679514, at *2 (E.D. Tex. Jan. 8, 2020) (insurer's election was an involuntary act of plaintiffs); *Altom v. Allstate Vehicle & Prop. Ins. Co.*, 4:19-CV-615, 2020 WL 810856, at *4 (E.D. Tex. Jan. 27, 2020), *R. & R. adopted*, 4:19-CV-615, 2020 WL 805204, at *1 (E.D. Tex. Feb. 18, 2020) (refusing to deny remand "solely on Defendant's election"); *Scout 5 Props., LLC v. Acadia Ins. Co.*, 2:21-CV-231, 2021 WL 5051564, at *4 (E.D. Tex. Oct. 31, 2021) (no diversity because plaintiff opposed state court's ruling dismissing non-diverse defendant); *Collier v. Metro. Lloyds Ins. Co. of Tex.*, 1:21-cv-248, 2022 WL 879571, at *5 (E.D. Tex. March 11, 2022), *R. & R. adopted*, 1:21-cv-248, 2022 WL 874166, at *1 (E.D. Tex. March 23, 2022) ("It's now well-settled in this District that the voluntary-involuntary rule prevents a non-diverse insurer from properly removing a case after the insurer's post-suit election of liability for a non-diverse adjuster."); *see also Bar-B-Que Depot, Inc. v. Mesa Metro. Specialty Ins. Co.*, 1:19-CV-625, 2020 WL 5536010, at *5 (E.D. Tex. Aug. 11, 2020), *R. & R. adopted*, 1:19-CV-625, 2020 WL 5534654, at *1 (E.D. Tex. Sept. 14, 2020) (case properly removed when plaintiff voluntarily non-suited only non-diverse defendant). The Fifth Circuit has yet to rule on this issue.

Trisura's election occurred without Martinez's consent and therefore was not her voluntary act. The Texas Insurance Code confers Trisura unfettered discretion to accept liability for Wellington, which Martinez may not decline. Tex. Ins. Code § 542A.006. Trisura's election of Wellington's responsibility does not, on its own, permit this case to be removed to this Court because it was not a voluntary act of Martinez. *See Weems*, 380 F.2d at 547.

But this does not end the inquiry. Trisura argues that Wellington was improperly joined—a recognized exception to the voluntary-involuntary rule. Doc. No. 20 at 3; *See Crockett v. R.J.*

5

*Reynolds Tobacco Co.*, 436 F.3d 529, 533-33 (5th Cir. 2006). The Court now turns to this argument.

### B. Improper Joinder

Improperly joining a non-diverse defendant bars a plaintiff from the protections of the voluntary-involuntary rule. *See id.* at 532. The fraudulent joinder exception is "designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties." *Id.* at 533. Essentially, "a plaintiff may not argue that removal is barred because a non-diverse defendant's dismissal was involuntary when the non-diverse defendant should have never been party to the action to begin with." *Stephens*, 2019 WL 109395, at *4. If a court finds that an improperly joined non-diverse defendant is preventing removal, the court will dismiss that defendant without prejudice and permit removal of the action if complete diversity exists. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 200 (5th Cir. 2016).

Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 572. The focus of this Court's inquiry is on the joinder itself, not on the merits of the plaintiff's case. *See id.*; *Stephens*, 2019 WL 109395, at *5.

Trisura argues that Wellington was improperly joined because Martinez allegedly failed to state an actionable claim against it. According to Trisura, this allegedly improper joinder coupled with Trisura's election of responsibility for Wellington renders the voluntary-involuntary rule inapplicable here.

6

1. <u>Failure to State a Claim for Relief</u>

Trisura asserts that Martinez's Original Petition fails to state a claim for relief against Wellington under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 20 at 3. In the absence of actual fraud in the pleading of jurisdictional facts, Trisura must demonstrate that there is no reasonable basis for this Court "to predict that the plaintiff might be able to recover" against Wellington. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *see also Smallwood*, 385 F.3d at 572. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Joinder is improper only if the removing party demonstrates that "sham defendants were added to defeat jurisdiction." *Id.* at 575.

A court evaluates the reasonable basis of recovery under state law by conducting a "Rule 12(b)(6)-type analysis" or by piercing the pleadings to conduct a summary inquiry. *Id.* at 573. In conducting a 12(b)(6) analysis, federal pleading standards apply. *Int'l Energy*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Martinez stated the following claims against Wellington:

- Trisura outsourced its investigative duties, claims handling, and coverage decisions to Wellington. Doc. No. 3 at 5.

- Trisura and Wellington failed to conduct a reasonable investigation or properly adjust the claim, which resulted in an improper denial of part of Martinez's claim. *Id.* at 6.

- Either Trisura or Wellington sent Martinez a letter tendering payment for what it deemed to be covered damages, which, according to an independent assessment, failed to include all the damaged property. *Id.* at 5, 6.

- Trisura and Wellington misrepresented to Martinez that part of her claim was not covered because the damages were not storm-related; this constituted a violation of the Texas Insurance Code's Unfair Settlement Practices provision. *Id.* at 7.

- Trisura and Wellington performed an outcome-oriented investigation by ignoring evidence supporting coverage, resulting in a "biased, unfair, and inadequate evaluation of Martinez's losses" and "further damage to Martinez's property." *Id.*

- Trisura and Wellington violated the Deceptive Trade Practice Act: they were aware of the falsity, deception, or unfairness of the acts giving rise to Martinez's claim. *Id.* at 9.

- By engaging in "unfair and/or deceptive acts or practices in the business of insurance," Trisura and Wellington violated multiple sections of the Texas Insurance Code, including §§ 541.051, 541.052, 541.059, 541.060(a)(1-4, 7), and 541.061(1-2). *Id.* at 10.

Martinez's petition specifically asserts facts implicating Wellington, including its alleged failure to inspect the property adequately, its inadequate conclusions regarding the damage amounts, its alleged violation of the Deceptive Trade Practices Act and Texas Insurance Code, and possibly the date it tendered payment. *Id.* at 5-9. These allegations are sufficient to state a plausible claim for relief under the Texas Insurance Code. *See, e.g., Hebert*, 2019 WL 5617023, at *1 (allegation that adjusters conducted an inadequate inspection was a valid state claim); *Altom*, 2020 WL 810856, at *5 (misrepresentation about the "breadth or existence of coverage" created possibility that plaintiff could prevail on its claims against adjuster); *Holmes*, 2020 WL 6791514, at *4 (allegations that adjuster did not access all structural damage and overlooked profit and overhead were sufficient to state a plausible claim for relief); *see also Glidewell v. Safeco Ins. Co. of Ind.*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4 (N.D. Tex. Aug. 13, 2015) (allegations that adjuster performed substandard investigation, undervalued damages, and misrepresented material facts were actionable under Texas Insurance Code section 541.060(a)(1)); *J. Jacobs Hair Salon & Spa v. Travelers Cas. Ins. Co. of Am.*, No. SA-13-CA-999-FB, 2014 WL 12489993, at *3 (W.D. Tex. May 22, 2014) ("[Plaintiff's] allegation that [adjuster] performed an outcome-oriented investigation and vastly underestimated the damage to [plaintiff's] property states a basis of liability against him under § 541.060(a)(2).")

The facts pled in Martinez's Original Petition—as related to Wellington—go beyond "boilerplate" accusations and mere legal conclusions. *See River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 19-CV-49, 2019 WL 1767339, at *4 (W.D. Tex. Apr. 22, 2019). At minimum, Martinez alleges that Wellington conducted an inadequate inspection, which is a valid state claim under section 541.151 of the Texas Insurance Code. *See Hebert*, 2019 WL 5617023, at *1. While Trisura asserts that certain claims Martinez made against Wellington do not apply to adjusters under Texas Insurance Code section 541.060, Trisura has failed to show that Martinez has *no* reasonable basis for recovery against Wellington. Doc. No. 20 at 5; *see Travis*, 326 F.3d at 647; *Smallwood*, 385 F.3d at 573; *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 985 (E.D. Tex. 2010) (stating if facts are sufficient in plaintiff's petition to render at least one statutory claim plausible, then joinder of the in-state, non-diverse defendant is proper). Accordingly, joinder was proper. The Court will next address Trisura's argument that the election of responsibility, on its own, prevents proper joinder.

2. Election of Responsibility Under the Texas Insurance Code

"Whether a non-diverse defendant is improperly joined is a binary question; the defendant is either a proper party when joined to [the] suit or the defendant is an improper party when joined to the suit." *Stephens*, 2019 WL 109395, at *5. "It does not follow that a non-diverse defendant that is initially properly joined may become initially improperly joined." *Id*.

The timing of the insurer's election of responsibility determines whether joinder is proper. *River of Life*, 2019 WL 1767339, at *3. Joinder of the adjuster is proper if the insurer elects responsibility after the plaintiff files suit. *Id*. Joinder is improper if the plaintiff files the action and names the adjuster as a defendant after the insurer has assumed the adjuster's responsibility. *Vyas v. Atain Specialty Ins. Co.*, 380 F. Supp. 3d 609, 612-13 (S.D. Tex. 2019). Importantly, the

9

Eastern District's approach is to determine whether the party was properly joined *at the time of joinder*. *Scout 5*, 2021 WL 5051564, at *4.

Here, Martinez filed the state-court suit on March 19, 2021. Doc. No. 3. Trisura did not elect responsibility for Wellington until April 6, 2021. Doc No. 20 at 1. As previously stated, an insurer's post-suit election of liability "does not retroactively render adjusters improperly joined parties." *Hebert*, 2019 WL 5617023, at *1. Instead, if "an insurer elects to accept full responsibility of an agent/adjuster after the insured commences action in state court, the insurer must prove that the non-diverse adjuster is improperly joined *for reasons independent of the election* made under Section 542A.006 of the Texas Insurance Code." *Stephens*, 2019 WL 109395, at *7 (emphasis added); *Holmes*, 2020 WL 6791514, at *3. Because Martinez has stated a valid claim against Wellington, there is no independent reason that Martinez might have improperly joined Wellington. Accordingly, joinder was proper, and the voluntary-involuntary applies.

## IV.  Conclusion and Recommendation

The voluntary-involuntary rule prevents a non-diverse insurer from properly removing a case after the insurer's post-suit election of liability for a non-diverse adjuster. Martinez has stated a plausible claim against Wellington, and Trisura's election of Wellington's liability was not Martinez's voluntary act. Therefore, because Martinez and Wellington are both Texas citizens, this case lacks complete diversity. *See* 28 U.S.C. § 1332. Accordingly, the undersigned recommends that the Court **GRANT** Plaintiff San Juana Martinez's *Motion to Remand*. Doc. No. 19.

## V.  Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically

10

identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 23rd day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge